UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

T-JAI MURPHY,

                Plaintiff,

    v.

NEW YORK CITY; NEW YORK STATE;
JAMAICA HOSPITAL, et al.,

                Defendants.

**MEMORANDUM AND ORDER**
23-CV-05244 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

On July 6, 2023, Plaintiff T-Jai Murphy filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") and denies Plaintiff's request for pro bono counsel without prejudice. For the reasons discussed below, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, however, granted 30 days from the date of this Order to submit an amended complaint.

## BACKGROUND

Plaintiff's complaint is far from clear.[1] He alleges that the events giving rise to his claim occurred on July 10, 2020. ECF No. 1 at 4. Plaintiff alleges that unnamed officers from the New York City Police Department entered his home and assaulted him. *Id*. He further alleges that he was treated at Jamaica Hospital for his injuries, and while at the hospital, he was

---

[1] For example, even though Plaintiff captions his complaint as *Murphy v. New York City, et. al.*, the Complaint only names the three entity Defendants. ECF No. 1 at 1.

"injected with psychotic drugs." *Id*. Plaintiff alleges that the hospital falsified his medical and mental health records.

Plaintiff next alleges that the New York State courts falsified his records and his "identity and descriptive characteristics of [his] person." *Id*. He alleges that because his records were falsified, friends and family could not post bail, and he was incarcerated for a week. *Id*. at 5. While incarcerated, Plaintiff alleges that he was housed in unsanitary conditions and assaulted by fellow inmates at the direction of unnamed correction officers. *Id*. at 4. Plaintiff seeks monetary damages of more than $144 million dollars. *Id.* at 5.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short,

---

[2] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* ("IFP") action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Plaintiff's § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City*

3

*of New York*, 274 F.3d 740, 750 (2d Cir. 2001); *see also Eckert v. Toulon*, No. 21-CV-02650, 2022 WL 74158, at *3 (E.D.N.Y. Jan. 6, 2022).

    A.    *Plaintiff's Claims Against the City of New York*

To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional or other federal right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020); *see also Myftari v. Dept. of Fin.*, No. 23-CV-02558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023). Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. Thus, his claims against the City of New York are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

    B.    *Plaintiff's Claims Against the State of New York*

The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). This bar precludes both suits for money damages, as well as injunctive relief. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236.

There are three limited exceptions to state sovereign immunity. First, a plaintiff may sue a state entity if the state waives its immunity by consenting to suit in federal court. *See id*. Second, a plaintiff may sue a state if Congress enacts legislation specifically abrogating state sovereign immunity. *Id*. Third, under the *Ex parte Young* doctrine, "a plaintiff may sue a state official acting in his official capacity . . . for prospective injunctive relief from violations of

4

federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *see also Saba v. Cuomo*, 535 F. Supp. 3d 282, 299 (S.D.N.Y. 2021). New York has not consented to § 1983 suits in federal court, and § 1983 was not intended to override a state's sovereign immunity. *Mamot v. Bd. of Regents,* 367 Fed. Appx. 191, 192 (2d Cir. 2010); *see also Jones v. Papa*, No. 21-cv-1099, 2021 WL 4123056, at *3 (E.D.N.Y. Sept. 8, 2021) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity."). None of the exceptions noted are applicable to Plaintiff's action, and thus, the Eleventh Amendment bars Plaintiff's claims against the State of New York. *See* 28 U.S.C. § 1915(e)(2)(B).

    C.    *Plaintiff's Claims Against Jamaica Hospital*

Jamaica Hospital is a private hospital,[3] *see Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-cv-2137, 2021 WL 2400995, at *3 (E.D.N.Y. June 11, 2021) (noting that Jamaica Hospital is a private hospital), and a private hospital is not a state actor for § 1983 actions. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("private actors and institutions, such as the hospitals, . . . named as defendants in [the plaintiff]'s original complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Plaintiff does not allege facts to suggest that Jamaica Hospital acted under color of state law and there are no plausible facts to demonstrate that the actions of this Defendant may be "fairly attributable" to

---

[3]    Plaintiff does not allege that Jamacia Hospital is a state actor, and the Court takes judicial notice of the fact that it is a private hospital given that it is something "generally known within the trial court's territorial jurisdiction." Federal Rule of Evidence 201; *see also About Us,* JAMAICA HOSPITAL MEDICAL CENTER, https://perma.cc/58L2-X7J4 (last visited July 27, 2023).

the State.  Therefore, Plaintiff's claim against Jamaica Hospital is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted 30 days' leave from the date of this Order to file an Amended Complaint.  *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000).  Plaintiff is informed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims.  Should Plaintiff elect to file an amended complaint, he must allege facts supporting the elements of a § 1983 claim and identify the defendants whom he alleges personally violated his constitutional rights.  If Plaintiff does not know the name of the individual(s), he may identify the individual(s) as John or Jane Doe and provide descriptive information about the individual and their place of employment so that any such individuals may be identified.  The Plaintiff must also provide the dates and locations for each relevant event.  The Clerk of Court is respectfully requested to provide Plaintiff with a complaint form that Plaintiff may use to file his amended complaint.

An amended complaint does not simply add to the prior complaint; once it is filed, it completely replaces the original complaint filed before it.  The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order.  If Plaintiff fails to comply with this Order within the 30 days allowed or fails to cure the deficiencies discussed herein, judgment shall enter dismissing the action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED

/s/ Hector Gonzalez            .
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 27, 2023